# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BRUCE THOMPSON,**

    **Plaintiff,**

**vs.**                                                    **Case No. 4:24cv128-RH-MAF**

**UNITED STATES OF AMERICA,**

    **Defendant.**

**_____/**

## REPORT AND RECOMMENDATION

The pro se Plaintiff filed a third amended complaint ["complaint"], ECF No. 10, against the United States of America pursuant to the Federal Tort Claims Act ["FTCA"]. Service of the complaint was directed on April 19, 2024. ECF No. 16. Acknowledgments of service were filed, ECF Nos. 17-20, along with a notice of appearance, ECF No. 21, and Defendant filed a motion to dismiss the third amended complaint. ECF No. 27.

Pursuant to the Local Rules of this Court, the pro se Plaintiff was advised of his obligation to file a memorandum in opposition to Defendant's motion. ECF No. 28 (citing to N.D. Fla. Loc. R. 7.1(E)). Plaintiff was given until **August 16, 2024,** to respond, ECF No. 28, but filed his response, ECF

No. 29, on the day after the Order, ECF No. 28, was entered. Plaintiff has also recently filed three certificates of service, ECF Nos. 30-32, which generally confirm Plaintiff mailed his opposition, ECF No. 29, previously filed on July 17, 2024, to opposing counsel. Accordingly, the motion to dismiss is ready for a ruling.

**Plaintiff's Complaint, ECF No. 10**

Plaintiff alleges that a package was not delivered to his residence because it was too large. ECF No. 10 at 6. Plaintiff went to the Post Office and a clerk brought the package to him on a dolly, but "refused to provide assistance with getting it" into Plaintiff's vehicle. *Id.* at 6-7. Plaintiff contends that he advised a supervisor that he was "disabled," but she "refused to give or find assistance." *Id.* Plaintiff says that he "irritated" a spinal condition and had to "take an extra dose of pain medication." *Id.* at 7. He contends that the United States Postal Service failed to deliver his Amazon package in violation of the contract between Amazon and the Post Office. *Id.* As relief, Plaintiff seeks $10,000. *Id.*

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be

granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. at 1965); see also Wilborn v. Jones, 761 F. App'x 908, 910 (11th Cir. 2019). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert. denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S. Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

Case No. 4:24cv128-RH-MAF

plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).

**Motion to Dismiss, ECF No. 27**

Defendant moves to dismiss this case for lack of subject matter jurisdiction and for failing to state a claim upon which relief may be granted

under Federal Rules of Civil Procedure 12(b)(1) and (6).  ECF No. 27.  Two primary arguments are raised by Defendant.  First, that Plaintiff has failed to identify that the United States breached a duty owed to him and, second, that the United States has sovereign immunity over claims which arise "out of the loss, miscarriage, or negligent transmission of letters or postal matter."  ECF No. 27 at 1.

**Analysis**

"The United States government may not be sued without its consent, and this immunity extends to federal government agencies."  Rodriguez v. United States, 415 F. App'x 143, 145 (11th Cir. 2011) (citation omitted).  Congress has carved out a limited waiver of sovereign immunity under the FTCA which allows the United States to be held liable for negligent or wrongful actions committed by its employees within the scope of their official duties.  28 U.S.C. § 2679(b)(1); Rodriguez, 415 F. App'x at 145.  The Act "provides that the 'United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances.'"  28 U.S.C. § 2674 (quoted in United States v. Muniz, 374 U.S. 150, 153, 83 S. Ct. 1850, 1852–53, 10 L. Ed. 2d 805 (1963)).

Defendant first argues that this Court lacks jurisdiction to consider Plaintiff's claim that the Postal Service failed to deliver his mail. The reason is that, although the United States has waived immunity for torts committed by federal employees, it has not waived immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." Dolan v. U.S. Postal Serv., 546 U.S. 481, 485, 126 S. Ct. 1252, 1256, 163 L. Ed. 2d 1079 (2006) (quoting 28 U.S.C. § 2680(b)).[2] If, however, Plaintiff's claim is properly considered to be an FTCA claim not barred by the postal exception, federal courts have jurisdiction over "claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

---

[2] The Supreme Court held that the postal exception was inapplicable in Dolan because the mail was negligently left by a postal employee on Barbara Dolan's porch, allegedly causing her to trip and fall. Dolan, 546 U.S. at 483, 126 S. Ct. at 1255.

Case No. 4:24cv128-RH-MAF

This case does not involve the "loss" of mail. It does not involve the "miscarriage" of mail because Plaintiff's package was not delivered to the wrong address. The postal exception, thus, is only applicable if Plaintiff's case involves the "negligent transmission of . . . postal matter."

In determining whether the postal exception was applicable, the Court found it more likely that Congress intended to retain immunity, as a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." Dolan, 546 U.S. at 489, 126 S. Ct. at 1258. "Illustrative instances of the exception's operation, then, would be personal or financial harms arising from nondelivery or late delivery of sensitive materials or information (e.g., medicines or a mortgage foreclosure notice) or from negligent handling of a mailed parcel (e.g., shattering of shipped china)." Id. at 489, 126 S. Ct. at 1258.

In light of the Court's guidance in Dolan, "[courts have applied the postal matter exception in cases where the postal carrier intentionally, purposefully, or negligently failed to deliver packages." Lopez v. United States Postal Regul. Comm'n, No. 18-22321-CV, 2019 WL 11553449, at *2 (S.D. Fla. Sept. 23, 2019), report and recommendation adopted sub nom.

Lopez v. U.S. Postal Regul. Comm'n, No. 18-22321-CIV, 2019 WL 11553447 (S.D. Fla. Nov. 21, 2019) (see cases cited).  Specifically, case law establishes that when damages are alleged to be the result of the failure to transmit or deliver mail, the postal exception applies.  Lopez, 2019 WL 11553449, at *3; Carpezzi v. United States, No. 2:20-CV-5-JLB-MRM, 2021 WL 4974229, at *2 (M.D. Fla. Oct. 26, 2021) ("even assuming that Mr. Naldo either stole the letter or intentionally failed to deliver it, the postal matter exception still applies"); Andreou v. United States, No. CV416-314, 2017 WL 384699, at *2 (S.D. Ga. Jan. 6, 2017), report and recommendation adopted, No. CV416-314, 2017 WL 382237 (S.D. Ga. Jan. 26, 2017) (holding that there was "no waiver of sovereign immunity under the FTCA because the "entire Complaint revolves around the USPS's failure to deliver a package . . . the very essence of the postal-matter exception").  In this case, Plaintiff alleged the Postal Service intentionally refused to deliver an Amazon package to his home.  As a result, he went to the Post Office to accept the package and, in the process, injured his back.  Plaintiff's claims involve an intentional failure to deliver a package and is barred by the postal exception to the FTCA.  The motion to dismiss for lack of subject matter jurisdiction should be granted.

Case No. 4:24cv128-RH-MAF

Even if the exception did not apply, the Court notes that Plaintiff's claim is insufficient as a matter of law.  That is because Plaintiff's injury is not a result of a negligent act of a federal employee.  Plaintiff's injury is due to the manner in which he attempted to place the large package in his own vehicle.  Plaintiff is the direct cause of his injury - aggravating a pre-existing injury - which resulted in "an extra dose of pain medication."  That harm is not actionable, and the claim is legally insufficient.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendant's motion to dismiss, ECF No. 27, be **GRANTED** because this Court lacks subject matter jurisdiction over Plaintiff's claim.

**IN CHAMBERS** at Tallahassee, Florida, on August 22, 2024.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**